JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Marquella White | Walmart a/k/a Walmart, Inc |

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Cinnaminson
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jeffrey S. Gillman, Esq
100 Haddonfield-Berlin Road, Suite 206
Voorhees, NJ 08043

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
Plaintiff

☐ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government
Defendant

☒ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                  *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☒ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original
Proceeding

☐ 2   Removed from
State Court

☐ 3   Remanded from
Appellate Court

☐ 4   Reinstated or
Reopened

☐ 5   Transferred from
Another District
*(specify)*

☐ 6   Multidistrict
Litigation -
Transfer

☐ 8   Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332(a)(1)

Brief description of cause:
Premises liability in Defendant, Walmart store.

## VII. REQUESTED IN COMPLAINT:

☐   CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #                 AMOUNT                 APPLYING IFP                 JUDGE                 MAG. JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

MARQUELLA WHITE                                    :
1004 Harrison Street                               :
Philadelphia, PA 19124
                                                   :
   Plaintiff                       :
       v.     :
WALMART a/k/a WALMART, INC., a/k/a                  :
WALMART STORES, INC., a/k/a                         :
WAL-MART STORES EAST, LP, a/k/a                     :
WAL-MART STORES, INC., a/k/a                        :
WAL-MART STORES EAST, LLC                           :
2501 US-130                                         :
Cinnaminson, NJ 08077                              :
                                                   :
and                                                :
                                                   :
JOHN DOE, MARY DOE, ABC PARTNERSHIPS :
& XYZ CORPORATIONS                                 :

### CIVIL ACTION - COMPLAINT

### THE PARTIES

1.      Plaintiff, Marquella White, is an adult individual and citizen and resident of the State of Pennsylvania and resides at 1004 Harrison Street, Philadelphia, PA 19124.

2.      Defendant, Walmart a/k/a Walmart, Inc., a/k/a Walmart Stores, Inc., a/k/a Wal-Mart Stores East LP, a/k/a Wal-Mart Stores, Inc., a/k/a Wal-Mart Stores East, LLC (hereinafter referred to as "Walmart"), is a corporation or other business entity created and existing under the laws of the State of New Jersey maintaining its principal place of business at 2501 US-130, Cinnaminson, NJ 08077.

3.      Defendants, John Doe, Mary Doe, ABC Partnerships and XYZ Corporations are individuals whose identities are presently unknown.

### JURISDICTION

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1332(a)(1) in that "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and

costs, and is between citizens of different States".

## VENUE

5.      Venue over this action is appropriate in this matter pursuant to 28 U.S.C. 1391(a)(2), in the District of New Jersey in that: – it is where a substantial part of the events or omissions giving rise to the claim occurred.

## FACTUAL ALLEGATIONS

6.      Plaintiff avers and incorporates by reference all of the allegations of Paragraphs 1 through 5, inclusive, and set forth the same as though said paragraphs were herein provided in full.

7.      At all times relevant hereto, the plaintiff, Marquella White, was a business invitee at Defendants, Walmart, located at 2501 US-130, Cinnaminson, NJ 08077.

8.      At all times relevant hereto, Defendant, Walmart, and/or John Doe, Mary Doe, ABC Partnerships and XYZ Corporations, jointly and/or severally, owned, supervised, controlled, operated, and/or maintained the premises located at 2501 US-130, Cinnaminson, NJ 08077.

9.      At all times material hereto, Defendants, Walmart,  and/or John Doe, Mary Doe, ABC Partnerships and XYZ Corporations, jointly and/or severally, acted or failed to act by and through their agents, servants, workmen and/or employees who were then and there acting within the scope of their authority and course of their employment with Defendants herein, jointly and/or severally, in furtherance of their business and on their behalf.

10.      On or about December 17, 2023, Plaintiff, Marquella White, shopping in the defendant, Walmart's store, located at 2501 US-130, Cinnaminson, New Jersey, when, suddenly and without warning, an agent, servant, independent contractor and/or employee of the defendant, Walmart and/or the defendants, John Doe, Mary Doe, ABC Partnerships and XYZ Corporations pushed a heavy stacking cart into the back of the Plaintiff, causing the injuries more fully set forth herein.

11.    The aforesaid incident and the resulting injuries and/or damages sustained by the plaintiff were directly and proximately caused by the negligence and carelessness of the Defendants herein, jointly and/or severally by and through their agents, servants, and/or employees, and was due in no way whatsoever, to any act and/or failure to act on the part oof the plaintiff, Marquella White.

12.    The negligence and carelessness of the defendants, jointly and/or severally, consisted of the following:

        a.    Failing to operate the stacking cart in a safe and reasonable manner;

        b.    Failing to ensure the safety of invitees around the area before moving the stacking cart;

        c.    Failing to regard the point, position and safety of the Plaintiff;

        d.    Failing to issue any warning, verbal, written, actual and or constructive to the Plaintiff;

        e.    Failing to maintain the stacking cart;

        f.    Failing to inspect the stacking cart;

        g.    Failing to repair the stacking cart;

        h.    Permitting invitees such as Plaintiff to stand/walk in and about the area of the aforementioned incident when Defendants knew or should have known of the dangerous condition that existed;

        i.    failing to correct said dangerous and defective conditions of which Defendants knew or should have known and which constituted a danger to pedestrians lawfully thereon;

        j.    failing to provide and maintain a safe and proper route of travel for Plaintiff and other persons lawfully upon the premises;

        k.    failing to exercise due care under the circumstances;

        l.    disregarding the rights and safety of the Plaintiff herein;

m.  Negligence at law; and,

n.  violating the applicable ordinances of Burlington County and/or the State of New Jersey.

13.  As a result of the negligence and carelessness of Defendants herein, jointly and/or severally, Plaintiff, Marquella White, was caused to sustain injuries to her bones, joints, muscles, tendons, blood vessels and soft tissues throughout her entire body, including, but not limited to injuries to her lumbar spine and cervical spine, a severe shock to her nerves and nervous system; all of which said injuries have in the past and will in the future cause Plaintiff, Marquella White, great pain and suffering, a serious impairment of her bodily functions and all of which are or may be permanent in nature.

14.  As a further result of this accident, Plaintiff, Marquella White, has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses described in 42 C.S.A. Section 8553(c)(3) for the injuries suffered, the cost or reasonable value of which is in excess of $1,500.00 and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future, all to her great detriment and loss, which currently equal or exceed **$7,7350.00** and may continue to increase.

15.  As a further result of this accident, Plaintiff, Marquella White, has suffered medically determinable physical and/or mental impairment which prevents her from performing all or substantially all of the material acts and duties which constituted the Plaintiff's usual and customary activities prior to the accident.

16.  As a direct and proximate result of the aforesaid accident, Plaintiff, Marquella White, has been and will in the future be obliged to expend large and various sums of money for medical treatment in an attempt to treat and cure herself of the aforesaid injuries.

17.  As a direct and reasonable result of the accident aforementioned, Plaintiff, Marquella White, has or may hereafter incur other financial expenses which do or may exceed

amounts which she may otherwise be entitled to recover.

18.     As a further result of the accident aforementioned, Plaintiff, Marquella White, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

**WHEREFORE**, Plaintiff, Marquella White, demands judgment against Defendants, Walmart,  and/or John Doe, Mary Doe, ABC Partnerships and XYZ Corporations, jointly and/or severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) together with interest, costs and reasonable attorney's fees.

## JURY DEMAND

Plaintiff herein demands a jury trial.

**GOLDENBERG, SILVERMAN, GILLMAN & BINDER**

**BY:**_____
**JEFFREY S. GILLMAN, ESQUIRE**
**Attorney for the Plaintiff**

**VERIFICATION**

The undersigned hereby verifies that the factual statements made in the documents attached hereto are true and correct.  The undersigned understands that false statements herein are made subject to the penalties of 28 U.S.C.§ 1746, relating to unsworn falsification to authorities.


DATE:  __02/20/2025__            BY:  _____
                                      MARQUELLA WHITE